UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ARETHA BROWN,

        Plaintiff,

v.

CAMELOT PROPERTY MANAGEMENT
& REAL ESTATE SERVICES, INC.,
GARY A. PACHE, II, CHRISTINE MEGLIO
(a/k/a Christine Pache, a/k/a Chris Meglio)
and ELISA WADE,

        Defendants.

_____/

<u>C O M P L A I N T</u>

Plaintiff, ARETHA BROWN, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, CAMELOT PROPERTY MANAGEMENT & REAL ESTATE SERVICES, INC., GARY A. PACHE, II, CHRISTINE MEGLIO, (a/k/a Christine Pache, a/k/a Chris Meglio) and ELISA WADE, and alleges as follows:

1.        Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2.        Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3.        The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4.        At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5.        At all times material hereto, CAMELOT PROPERTY MANAGEMENT & REAL ESTATE SERVICES, INC., was Plaintiff's employer as defined by law and a corporation conducting

business in this judicial district.

6.      At all times material hereto CAMELOT PROPERTY MANAGEMENT & REAL ESTATE SERVICES, INC., had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person.  29 U.S.C. §203.

7.      At all times material hereto, CAMELOT PROPERTY MANAGEMENT & REAL ESTATE SERVICES, INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

8.      At all times material hereto, GARY A. PACHE, II, and ELISA WADE were Plaintiff's employer as defined by law.  GARY A. PACHE, II, CHRISTINE MEGLIO, (a/k/a Christine Pache, a/k/a Chris Meglio) had operational control over CAMELOT PROPERTY MANAGEMENT & REAL ESTATE SERVICES, INC. and is directly involved in decisions affecting employee compensation and hours worked by employees.  Moreover, GARY A. PACHE, II, CHRISTINE MEGLIO, (a/k/a Christine Pache, a/k/a Chris Meglio) controlled the finances for CAMELOT PROPERTY MANAGEMENT & REAL ESTATE SERVICES, INC.

9.       At all times material hereto, Plaintiff was individually engaged in interstate commerce while working for Defendants.

COUNT I: FLSA RECOVERY OF OVERTIME WAGES

10.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

11.     Plaintiff worked for Defendants from approximately January 2018 to March 2019.

12.     Plaintiff worked for Defendants as a bookkeeper.

13.     Plaintiff's primary duties and responsibilities included bookkeeping, collections, accounts receivable and payroll.

14.   Plaintiff was paid at a rate of $1,497.69 per (2) two week pay period.

15.   Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

16.   During one or more workweeks, Defendants did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

17.   Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

18.   Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

19.   By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

20.   Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## COUNT II: FLSA RETALIATION

21.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

22.   The FLSA, 29 U.S.C. §215(a) protects from retaliation employees who file complaints alleging FLSA violations or who participate in FLSA proceedings initiated by themselves or others.

23.   The FLSA prohibits any "person," including an employer, from discharging, retaliating against, demoting, harassing, or in any other manner discriminating against and employee for engaging in protected activity; that is, a worker's assertion of his or her rights.

24.   Plaintiff worked for Defendants from approximately January 2018 to March 2019.

25.   Plaintiff worked for Defendants as a bookkeeper.

3

26.     Plaintiff's primary duties and responsibilities included bookkeeping, collections, accounts receivable and payroll.

27.     Plaintiff was paid at a rate of $1,497.69 per (2) two week pay period.

28.     Plaintiff was qualified for Plaintiff's position with Defendants.

29.     Defendants took adverse action against and discriminated against Plaintiff because Plaintiff informed others and/or complained about Defendants' unlawful pay practices which were in violation of the FLSA.  29 U.S.C. §201, *et seq.*

30.     By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, and seeks to be compensated and reimbursed from Defendants for all damages sustained, including payment of wages lost, employment, reinstatement, promotion, emotional pain and suffering, mental anguish, damage to reputation and other compensatory damages, liquidated damages, and punitive damages, in addition to all costs and attorneys' fees incurred.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for damages, including liquidated damages and punitive damages, and attorney's fees and costs and demands a trial by jury for all issues so triable.

<u>TRIAL BY JURY</u>

Plaintiff demands a trial by jury on all issues so triable.

I, ARETHA BROWN, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

 

ARETHA BROWN, as Plaintiff

7-22-19

DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:     /s/ Todd W. Shulby, Esq.
        Todd W. Shulby, Esq.
        Florida Bar No.: 068365

5